## SIMMONS et ux. v. DOULLUT & EWIN, Inc., et al.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

Chas. A. Holcombe, of Baton Rouge, for appellants.

Taylor, Porter & Brooks, of Baton Rouge, for appellees.

MOUTON, Judge.

In his application for a rehearing, counsel for the Doullut & Ewin Company asks if it is possible that this court will hold that company responsible for the directions Cotting gave Simmons, the deceased, when neither of them was working for the Doullut & Ewin Company.

The evidence shows that Cotting and Simmons were the employees of the George A. Fuller Company and were not the employees of the Doullut & Ewin Company. It was shown, however, that Simmons was working under the direction of Cotting. Hence, we said in the opinion, that as Simmons, when killed under the pile driver, was there according to the directions of Cotting, he could not be blamed for being in that position because he was discharging his duties under the authority of Cotting, his immediate superior.

In the course of the opinion we quoted from the testimony of W. W. Klin, the superin-

tendent, not of the defendant Doullut & Ewin Company, but of the George A. Fuller Company, that in the conference he had held with the officers of the Doullut & Ewin Company, it was understood that the instructions given by the Doullut & Ewin men in charge "were to be obeyed by our men," evidently meaning men in the service of the George A. Fuller Company.

We therefore held from that admission of the superintendent of the George A. Fuller Company and from other evidence in the record that the two corporations, the George A. Fuller and the Doullut & Ewin Company, contractor and subcontractor, though distinct corporate entities, were co-operating through their employees in driving the piles for the construction of the State Capitol, under one of which, Simmons, while performing his services, lost his life.

In the original presentation of the case, counsel for applicant contended that Simmons, being an employee of the George A. Fuller Company, was a trespasser at the time he was killed and could not recover.

In our original opinion (145 So. 708), we did not refer to the legal definition of a trespasser, but will now as the same proposition is submitted.

A trespasser, defined in reference to the subject under discussion, is "one who unlawfully enters or intrudes upon another's land." Black's Law Dictionary.

Simmons had certainly not unlawfully entered or intruded under that pile driver while acting according to the directions of Cotting, his immediate superior, although Cotting and Simmons were employees of the George A. Fuller Company, as it appears that the employees of the two corporations were co-operating in the driving of these piles. The fact is, that the corporations were so closely linked in the work that an officer or employee of the Doullut & Ewin Company could have told Simmons to desist from what he was doing, according to the understanding which W. W. Klin, superintendent of the George A. Fuller Company, said existed between the two corporations.

To say that Simmons was a trespasser would be doing violence to the evidence and giving a new meaning to the word, trespass. If Simmons had been a trespasser, plaintiff's parents could not recover, but he was not.

We therefore held that Simmons was not a trespasser and based to a large extent our conclusions on the following excerpt from Labatt, Master and Servant, viz.: "Whether a person enters upon the premises of another to perform a contract of service, or to transact some business, or by the direct request of the owner, the person extending the implied or express invitation owes to the person accepting it the duty of seeing that at least or-

dinary care and prudence are exercised to protect him against dangers which are neither actually nor constructively known to him."

Continuing, we said: "Here, there was more than a mere invitation, either express or implied, as Simmons, when injured, was discharging his obligations to the George Fuller Company, in helping out Cotting, his immediate superior officer, who was actually co-operating with the employees of defendant company in completing its pile driving contract."

Following the foregoing statement, we held that, under the doctrine in Labatt, above quoted, Simmons was entitled to protection "against dangers which were neither actually nor constructively known to him." He was, as the evidence showed, young and inexperienced and could not have been apprised of such dangers, and for these reasons and others given in our original opinion, the rehearing applied for is denied and refused.